```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

CHRISTOPHER S. KENYON,              :

    Plaintiff,                      :CIVIL ACTION NO. 3:12-CV-1812

    v.                              :

CAROLYN W. COLVIN,                  :(Judge Richard P. Conaboy)
Acting Commissioner
of Social Security,                 :

    Defendant.                      :

---

## **MEMORANDUM**

This Memorandum addresses the appeal of Plaintiff (Claimant) Christopher S. Kenyon seeking review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(30), of the Commissioner's denial of Disability Insurance Benefits under the Social Security Act.  The claimant alleged in a hearing before an Administrative Law Judge ("ALJ") that he has been disabled since June 1, 2007, because of a variety of back, leg, foot and arm pain and obsessive compulsive disorder, depression, degenerative joint disease of his lumbar spine and hips, and right knee pain.  On November 8, 2012, the ALJ issued his decision which was eventually approved by the Commissioner, concluding Plaintiff was not disabled because, based on the testimony of the vocational expert, Plaintiff was able to perform light work with limitations that existed in significant numbers in the national economy.  (R. 21-26.)

1

With his appeal to this Court, Plaintiff argues essentially three things: (1) that the ALJ was in error when he failed to properly consider and explain why he was rejecting the treating source testimony of Dr. Richard Husband and that he makes a factual error regarding the Plaintiff's pain medication; (2) that the ALJ was in error when he failed to perform his affirmative obligation to assist the claimant in developing the record; and (3) that the ALJ failed to properly consider Plaintiff's complaints of pain.

The Defendant Commissioner argues that this Court should sustain the decision of the Commissioner denying benefits to the claimant because the ALJ fully reviewed the record in this case and properly considered all of the sources of testimony including that of the treating doctor and the claimant's own complaints of pain.

For the reasons cited herein, we find Plaintiff's bases for appeal without merit and affirm the decision of the Commissioner.

## I. Authority

We are not without significant guidance in legislative, statutory and case law as to how we should consider appeals such as in this case and how this Court should and must review the record in each case.

A Court's review of the Commissioner's final decision is limited to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). A reviewing court is

bound by the ALJ's findings of fact "if they are supported by substantial evidence in the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Plummer*, 186 F.3d at 427 (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). The ALJ's findings of law, however, are subject to plenary review. *See Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990); *Podedworny v. Harris*, 745 F.2d 210, 221 n.8 (3d Cir. 1984).

Administrative law judges have the duty to develop a full and fair record in social security cases. *See Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *Smith v. Harris*, 644 F.2d 985, 989 (3d Cir. 1981). Accordingly, an ALJ must secure relevant information regarding a claimant's entitlement to social security benefits. *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 841 (3d Cir. 1974). In *Hess*, the Circuit Court reasoned that "'although the burden is upon the claimant to prove her disability, due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in the administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails.'" *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) *(*quoting *Hess*, 497 F.2d at

3

840).

A hearing on a claim for social security benefits is not an adversarial proceeding and the ALJ must assist a claimant in establishing her claim. *Dobrowolsky v. Calilfano*, 606 F.2d 403, 406-07 (3d Cir. 1979).

Rulings addressing the residual functional capacity determination and the definition of light work are pertinent in this case. Social Security Ruling 96-8 provides a detailed method for determining Residual Functional Capacity (RFC). The ruling states what evidence is to be considered in the RFC determination:

> The RFC assessment must be based on all of the relevant evidence in the case record, such as:
> 
> - Medical history,
> - Medical signs and laboratory findings,
> - The effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication),
> - Reports of daily activities,
> - Lay evidence,
> - Recorded observations,
> - Medical source statements,
> - Effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment,
> - Evidence from attempts to work,
> - Need for a structured living environment, and
> - Work evaluations, if available.

SSR 96-8. The ruling also provides narrative discussion

4

requirements.

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g. daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8.

Social Security Ruling 83-10 defines light work as follows:

> The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing – the primary difference between sedentary and most light jobs. A job also is in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position.
>
> 'Frequent' means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full

5

> range of light work requires standing or
> walking, off and on, for a total of
> approximately 6 hours of an 8-hour workday.
> Sitting may occur intermittently during the
> remaining time. The lifting requirement for
> the majority of light jobs can be
> accomplished with occasional, rather than
> frequent, stooping. Many unskilled light
> jobs are performed primarily in one location,
> with the ability to stand being more critical
> than the ability to walk. They require use
> of arms and hands to grasp and to hold and
> turn objects, and they generally do not
> require use of the fingers for fine
> activities to the extent required in much
> sedentary work.

SSR 83-10 Glossary.

An ALJ must give an applicant's subjective complaints serious consideration and make specific findings of fact concerning his credibility. *See Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002). "Pain itself may constitute a disabling impairment." *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).

Pain in itself may be a disabling condition. The Third Circuit Court of Appeals has stated that "even pain unaccompanied by objectively observable symptoms which is nevertheless real to the sufferer and is so intense as to be disabling will support a claim for disability benefits." *Taybron v. Harris*, 667 F.2d 412, 415 (3d Cir. 1981). When pain complaints are supported by medical evidence, they should be given great weight and where a claimant's testimony as to pain is reasonably supported by medical evidence, the administrative law judge may not discount claimant's pain

6

without contrary medical evidence. *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir., 1985).

And finally, pertinent here, under applicable regulations and the law of the Third Circuit, a treating doctor's opinions are generally entitled to controlling weight, or at least substantial weight. *See, e.g., Fargnoli v. Halter*, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981)). The "treating physician rule," is codified at 20 C.F.R. 404.1527(d)(2), and is widely accepted in the Third Circuit. *Mason v. Shalala*, 994 F.2d 1058 (3d Cir. 1993); *see also Dorf v. Brown*, 794 F.2d 896 (3d Cir. 1986). The regulation addresses the weight to be given a treating physician's opinion: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case, we will give it controlling weight." 20 C.F.R. § 416.927(d)(2).[1] "A cardinal principle guiding disability

---

[1] 20 C.F.R. § 404.1527(d)(2) states in relevant part:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your

eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted); see also *Brownawell v. Commissioner of Social Security*, 554 F.3d 352, 355 (3d Cir. 2008). In choosing to reject the treating physician's assessment, an ALJ may not make "speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Morales*, 225 F.3d at 317 (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); *Frankenfield v. Bowen*, 861 F.2d 405, 408 (3d Cir. 1988)).

## II. Discussion

As noted above, Plaintiff asserts three bases for his appeal: (1) the ALJ did not give proper credit to the opinion of his treating physician; (2) the ALJ failed to perform his affirmative

---

impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

obligation to assist the claimant in developing the record; and (3) the ALJ failed to properly consider Plaintiff's complaint of pain. We will address each in turn.

*a. Treating Physician's Opinion*

Plaintiff asserts the ALJ did not give proper deference to his treating physician. We conclude this assertion is without merit.

In this case, the ALJ used significant reference to the opinions of Dr. Richard Husband, D.O., Plaintiff's treating physician, but found that most of the statements made by the doctor were unsupported conclusions contradicted by all of the other evidence in the case, including the evidence of the doctor's own records. (R. 23.) The ALJ aslo found that Dr. Husband's conclusory statement that Plaintiff's "medical condition is causing a state of medical disability or is preventing him from gainful employment" is a statement on the ultimate issue of disability reserved for the Commissioner which is not entitled to controlling weight under the treating physician rule. (R. 23.)

The ALJ illustrated the lack of support in the record with the following statement:

> For instance, at an initial office visit with Dr. Richard Husband, D.O., on January 25, 2008, the claimant complained of multiple arthralgias and chronic low back pain. The physical examination found the claimant to be within normal limits except for some dry crepitance at the bases and scattered expiratory rhonchi upon auscultion of the claimant's lungs. The claimant also had some minimal tenderness in his right calf (Exhibit

9

> 4F/4). In a follow-up visit on July 16,
> 2008, the claimant complained of joint pain
> in his knee, elbows, and low back for which
> he takes ibuprofen, but not regularly. Blood
> laboratory work revealed that the claimant
> has a positive ANA of uncertain significance.
> A physical examination was normal except for
> decreased range of motion to flexion and
> extension in his lumbar sacral spine.

(R. 23.)

While one must be careful in analyzing a treating physician's commentary on a plaintiff's condition, as the relevant authority set out above makes clear, nothing requires an ALJ to accept such testimony when it is not in accord with other substantial evidence in the file.

Indeed in this case, reference to Exhibit 4F of the record (which contains some twenty (20) pages of Dr. Husband's treatment records) shows that the ALJ properly considered reports of the treating physician which notes repeatedly in referring to the claimant that "the patient seen and examined was a 36 year old male in no acute distress." (*See* R. 249-68.) These findings which are referenced by the ALJ appear consistently in all of the reports of the Plaintiff's treating physician from June 25, 2008, through May 21, 2009, and show clearly that the ALJ gave appropriate and proper consideration to the testimony and records of the treating physician.[2]

---

[2] With this asserted basis for relief, Plaintiff also argues remand is necessary because the ALJ factually erred when he stated Plaintiff had not "'been prescribed narcotic medication for pain'"and this is error because Plaintiff has taken Tramadol through the entire period in question.

### *b. Development of the Record*

Plaintiff's second basis for appeal is his assertion that the ALJ failed to perform his affirmative obligation to assist the claimant in developing the record. We find this assertion to be without merit.

While an ALJ is required to assist the claimant in developing a full record, he or she has no such obligation to "make a case" for every claimant. Here the ALJ on a number of occasions did diligently make repeated efforts to assist the claimant both in his own testimony and in such things as the hypothetical questions and discussions with the vocational expert. (R. 52-58.)

### *c. Subjective Complaints of Pain*

Plaintiff's final claimed error is that the ALJ failed to properly consider Plaintiff's complaint of pain. Again, we find no merit in this asserted basis for appeal.

The ALJ found Plaintiff's testimony with regard to his symptoms not to be fully credible because "it was overstated, inconsistent with, and unsupported by, the great weight of the documentary evidence." (R. 23.) In addition to reviewing the summary of visits with Dr. Husband quoted in our discussion of the claimed treating physician error, the ALJ noted Plaintiff was not

---

(Doc. 11 at 15 (citing R. 24).) This is not factual error as Plaintiff himself states that "Tramadol is a *narcotic-like* pain releiver." (Doc. 11 at 15 (emphasis added).)

11

seen from July 16, 2008, until December 2008 when the treatment notes indicate physical examination "only found mild tenderness at T4-T8 and L1-L5. The claimant straight leg-raising test was negative." (R. 23.) The ALJ further noted

> [t]he evidence reflects the claimant's
> physical complaints are inconsistent. At
> another follow-up visit with Dr. Husband on
> January 15, 2009, the claimant denied having
> any back pain and complained of severe pain
> in the muscles of his legs especially around
> his knees. The claimant's physical
> examination was normal (Exhibit 4F/8). In
> June of 2009, Dr. Husband treated the
> claimant with Tramadol and acetaminophen for
> his subjective complaints of pain in his
> hips, knees, ankles and right knee. The
> claimant complained of seasonal allergies
> "with working outside around fresh cut grass"
> (Exhibits 4F/10 & 5F/38).

(R. 23.)

Plaintiff contends the ALJ makes generalized statements regarding Plaintiff's pain but disregards supporting evidence like Dr. Husband's statement that Plaintiff "'has a chronic painful condition in his legs, especially in his right knee, that precludes him from keeping or seeking employment at this time.'" (Doc. 11 at 19 (quoting R. 141).) This is the only citation to the record Plaintiff makes in support of his assertion that his chronic pain "has been present for years and is evidenced by the record." (Doc. 11 at 19.)

With this argument and general reference to the record, Plaintiff does not meet his burden of pointing to evidence which

12

undermines the ALJ's decision. For the reasons discussed above, Dr. Husband's opinion was not entitled to controlling or substantial weight. Further, the ALJ's cited inconsistencies and record citations provide substantial evidence to support his credibility decision.[3]

### III. Conclusion

In this case there is more than substantial evidence to support the Commissioner's decision. Thus, we cannot and will not overrule the decision of the ALJ which in turn has become the decision of the Commissioner. An appropriate Order is entered simultaneously with this Memorandum.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: December 16, 2013

---

[3] Plantiff identifies another issue in his supporting brief regarding hypothetical questions posed to the vocational expert. (Doc. 11 at 21.) He states that "length restrictions prevent discussion of this issue." (*Id.*) Because Plaintiff did not properly develop this basis for appeal, we do not consider it in this Memorandum.

13